161213 Elizabeth Vargas-Colon, et al. v. Fundacion Damas, et al. for a rebuttal? Yes. Thank you. I'd like to first talk about the shorter issues, those of the Banco Popular Trust. We believe that the district court erred when it ruled that the beneficiaries of the bank's trust, called the Hospital Damas Self-Insurance Trust Fund, were not the plaintiffs' appellants here, who are medical malpractice claimants. Number one, pursuant to the consent decree of Hospital Damas Self-Insurance Trust Fund, Section F, which we make reference to in our brief, the trust fund is not property of the Hospital Damas, Inc. bankruptcy. Secondly, Fundacion Damas, Inc., the bankrupt, admitted that the trust fund's intended beneficiaries are medical malpractice claimants. And finally, the law of the land, Emifer Narvaez, which is the 2015 Puerto Rico Court of Appeals case, not the 2012 case, rules our way, saying two main things as to the two issues that Banco Popular, by the way, took this to the Supreme Court, served denied, reconsideration denied twice. What did that case, which is the law of the land- Counsel, before you go there- Yes, Your Honor. Did you make any argument at all with respect to Banco Popular in your opening brief to us? I did, Your Honor. Could you tell me what pages the argument is on? It begins at page 23. At page 23, would the court want- No, you've answered my question. I didn't see it. I'll go back and look. And what I believe I said in that part of the argument, and I left it for last in the last few pages of the brief, but I'm arguing it up front now. Basically, in a nutshell, the Emifer Narvaez case, which is included in our appendix, the 2015 case, deals with two things. The standing of the appellants that I represent, which is clear, and secondly, that the judgment also finds that they did not have to go and exhaust the state remedy, which the bank alleged was going to the insurance commissioner. The insurance commissioner in the Emifer Narvaez case declared itself without jurisdiction in all of these cases. Therefore, the appellate court ruled that it was totally proper to sue the bank directly without exhausting any kind of an administrative remedy. Secondly, the district court also heard- Excuse me. Yes, Your Honor. In proceedings in the Commonwealth Court, didn't you- you had a similar claim against Banco Popular. Didn't you choose to withdraw that, acknowledging that that was a matter for the insurance commissioner to address? Aren't you taking a position now that's directly at odds to a representation that you made in the Commonwealth Court? No, Judge Leibovitz. In that case, the issue came up as to whether the administrative remedy had to be exhausted with the insurance commissioner. So what we did is, because we knew that this was coming up in the other case, which is not our case, but we knew it was coming up in the other case, we dismissed the case without prejudice to be able to come back and claim it at another time. And we just went and filed the federal claim, which is the appeal we're now arguing today. And by the time this came up, by then, the Puerto Rico Court of Appeals had already ruled in what would be our favor in the Emma for Narvaez case. So what we did was basically try to be more- rather than creating another appellate situation and another insurance commissioner situation, we tried to streamline it more and just be able to dismiss it without prejudice and start all over again. The district court, Your Honors, also erred when it dismissed the claims of minors, plaintiffs Jaime Manuel and Jaime Alexander Cedeño Vargas. First of all, as required by Puerto Rico, authorization existed for either of these plaintiffs, who were minors at the time, and who were not mentioned in the original suit, in the 2007 suit that was taken care of by the bankruptcy court, or in the subsequent settlement. The law in Puerto Rico, they were not mentioned in the settlement at all. I thought there was language in the settlement, a release provision that explicitly referenced siblings. Was there not? Yes, there was a boilerplate provision that talked about successors, representatives, siblings. Well, you characterized it as boilerplate, but there was a provision. Yes, you're right, it's a rather common and very comprehensive release provision, but it does specifically refer to siblings. But again, it would be in violation of Puerto Rico law, which requires a minor's prosecutor to, especially in a case where they're relinquishing rights for free, for nothing, they're relinquishing rights, that would certainly require, in any case of a settlement, a government prosecutor to determine whether this is to the best interest of the minors. So definitely, that boilerplate form certainly cannot be understood to include unidentified siblings. That settlement was as a result of a diversity action in federal court? It was, Your Honor. The district court... What are the allegations that you make on behalf of the siblings in the current complaint? Well, the pain and suffering that... Let me put it another way. What paragraphs do you reference the siblings in the complaint? Because again, I couldn't find any. I saw them named in the first one or two paragraphs and then in the prayer for relief, but I didn't see them any other place in the complaint. I can stop and look, but I can advance to you that by the grief and pain and suffering and by living with their younger sister, who is severely brain damaged and requires the family as a whole to put all their resources into this child... And all of this was alleged in the complaint? Yes, all of this was mentioned... As to the siblings? To the siblings and their pain and suffering and seeing, you know, their parents and their baby sister in that condition are basically... They didn't suffer any direct damage caused by medical malpractice, of course, but siblings are allowed to claim in Puerto Rico for pain and suffering and the damages of others. Wait a minute. So are they claiming sister's damages or are they claiming their own? They're claiming their own damages. Their own damages. So how would they be able to, assuming they would prevail, tap into a fund that set aside for a malpractice claimant? That is why we sued the Damas Foundation. By the way, they would also be considered malpractice. The malpractice claimants are not just the persons who were the direct victims of the malpractice. It also includes anybody who was also affected. Anybody that makes a claim in that malpractice under that insurance trust fund is entitled to whatever the jury awards them. They would then be victims of that malpractice as well. In addition, they are also suing the foundation, which is the owner of the hospital, for vicarious liability. So that's another source for their being able to recover in this case. May I continue? You have 20 seconds left. The district court also erred when it ruled that the claims here were barred by issue preclusion because the bankruptcy court specifically in the Damas Hospital bankruptcy permitted the malpractice claimants to sue foundation, nor are plaintiffs limited to the unpaid portion of the prior settlement as the foundation has argued. We'll be back with the rebuttal in 10 minutes. Good morning, Your Honors. My name is Freddy Perez-Gonzalez, and I represent COAPLI, Fundacion Damas Inc. First, the issue in regard to the Damas self-insurance trust will be addressed by my brother, Counsel, representing Banco Popular. Your Honors, I would like to clarify first that the bankrupt or the party in the bankruptcy was Hospital Damas Inc., not Fundacion Damas Inc., which I represent. Fundacion Damas Inc. was not a party to the bankruptcy. Second, second clarification to what Mr. Efron mentioned, it is that the settlement in the first case file by the plaintiffs was approved by the court and there was a judgment approving the settlement. So there was judicial intervention as required by a local law. The court should not lose perspective that what is in the field here is a judgment entered under a motion for summary judgment. And there were undisputed facts determined by the court that the plaintiffs did not dispute at all. And the most relevant fact is that in Hospital Damas bankruptcy, the malpractice claimants, including the plaintiffs in this case, litigated the issue of who was the operator of Hospital Damas, which is a hospital in Ponce, and the bankruptcy court determined that the operator and administrator of the hospital was Hospital Damas Inc., not my client, Fundacion Damas Inc. In addition to that determination from the bankruptcy court, in the first case file by the plaintiffs that was filed ten years ago, after the bankruptcy court determination, the plaintiffs tried to amend the judgment in order to join Fundacion Damas Inc. The district court refused to grant a plaintiff's motion to amend and specifically determine, and that's on page 141 of our supplemental appendix, stated that regardless of Fundacion's ownership of the property comprising the hospital, Hospital Damas Inc., the hospital operator since 1987, and thus liable for the negligence that caused plaintiff's injuries. So it's an undisputed fact that the district court determined that the liable party for the negligence or the malpractice in this case is Hospital Damas Inc. So this complaint... The bankruptcy court had to make a determination as to whether the malpractice claimants motion not to allow the bankruptcy filing to go forward. They had to make a determination as to whether that bankruptcy petition was filed in good faith. Yes. Wasn't the bankruptcy court's decision limited to a finding that for purposes of that specific finding of good faith that the bankruptcy petition could go forward? Yes, Your Honor. Wasn't that a very narrow ruling? Not only did it determine about good faith, the bankruptcy court determined that the bankruptcy was not filed in fraud. And the specific issues that malpractice claimants were raising were that pursuant to the certificates of legal conveniences and of the licenses, there was fraud because the owner and the operator and the administrator of the hospital was Fundacion Damas. So the bankruptcy court only issued... But the bankruptcy court's filing that the hospital was an owner doesn't necessarily mean that it was also a finding, that the foundation was not also an owner. Your Honor, the owner of the premises of the property, it was determined by the bankruptcy court was Fundacion, but pursuant to a lease since 1987, Fundacion is not the operator. The lease put in charge of the operation of the administration of the hospital to Hospital Damas Inc. So based on that decision and based on Judge Garcia Gregory, in the case filed by the plaintiffs, it was determined that the party liable for the negligence, which is claimed in this case, is Hospital Damas Inc. So Fundacion doesn't have anything to do with the administration of the hospital, so therefore... But Fundacion had the licenses, isn't that correct? No, Your Honor. Fundacion had some licenses and some CNCs into its name, but the bankruptcy court determined that that was due to a confusion of the Puerto Rico Department of Health. But pursuant to the proof and the evidence presented in the district court, after an evidentiary hearing that took a whole day, the court determined that it was Hospital Damas, since 1987, the party in charge of the operation of the hospital. Counsel, I gather it would be your view that even if sitting here today we are somewhat puzzled as to why only an operator should be liable for the negligence at the hospital and not an owner, even if we find that somewhat puzzling, that issue was effectively resolved when the bankruptcy court made its decision, the district court affirmed that decision, and then we ultimately affirmed the decision. Is that your position? This court determined that the plaintiffs could not amend the complaint to join Fundacion. But, in our brief, we discussed the aspect of vicarious liability. The fact that Fundacion is the owner of the premises, is not the owner of the operation of a hospital, doesn't make Fundacion liable because the Puerto Rico Civil Code imposes its Article 18. And that's basically, in the earlier proceedings, that position was accepted. Yes. And it's the employer, the party, who may have vicarious liability, but Fundacion is not the employer. Under the lease agreement between the two parties, Fundacion and Hospital Damas Inc., all the responsibility to engage medical doctors, employees, is imposed on Hospital Damas Inc. Let me also ask you, I think Appellant is making the argument that, yes, the release says what it says about siblings. Yes, there was court approval of the settlement. But the fact remains that, under Puerto Rico law, those siblings had to have representation of their own as minors, so that their interests could be properly protected in the proceedings. And I think it's his position that, in the absence of that independent representation, they cannot be bound by the terms of the settlement or even by a judgment of the court. Yes. Your Honor, in spite of that, issue preclusion bars the claim against Fundacion because Fundacion is not the operator of the hospital. So, there is no claim, there is no cause of action against Fundacion. This is the basic issue in this case. And the law regarding res judicata that applies here is federal law because our argument regarding res judicata is based not only on the bankruptcy court determination, also in Judge Garcia's determination where the plaintiffs were the parties. And there is a Puerto Rico Supreme Court case that we did not discuss or include in the case that has ruled that Puerto Rico has acknowledged the inter-jurisdictional application of res judicata. And in its modality of issue preclusion is Martinez-Dia versus Commonwealth of Puerto Rico 182 DPR 580. So, in sum, we understand that plaintiffs are precluded from this claim, which is an identical malpractice action as the action that they filed 10 years ago. Thank you. Good morning, Your Honors. It's a pleasure to be before you. My name is Luis Padron, representing Banco Popular. May I please record? Let me start saying that in this case Banco Popular filed a motion to dismiss, which was granted by the district court. The grounds for the dismissal essentially were that the court understood that plaintiff appellants are not beneficiaries of the damaged trust. It also indicated in the alternative that the district court lacked primary jurisdiction. In their brief, in their opening brief, appellants failed to discuss either of those two grounds. Instead, appellants reached to an agreement executed by Hospital Damas, Inc. and the appellants, indicating that because of that agreement, they became creditors of Hospital Damas, Inc. and also of the trust. And as such, they are beneficiaries of the trust. However, in their brief, they, under no circumstances, made no attempt to discuss standing. As a matter of fact, the word standing does not appear in their brief, in their opening brief, until their conclusion of their opening brief. Also, appellants did not discuss or attempt to discuss why the district court had primary jurisdiction instead of the Puerto Rico office of the insurance commissioner. As a result, we indicated in our brief that those issues were weighed by appellants and this court should not entertain appellants' request for a dismissal, or not a dismissal, but a turnaround of the district court's decision to dismiss the cause of actions as to Banco Popular. Appellants now bring a decision made by the Puerto Rico Court of Appeals that they included in their reply brief. However, that matter was not discussed in the instant court. That matter was not even, that document was not presented to the district court. It was included in the appendix of the appellants, but it was not presented before the district court, so the district court did not have a chance to see that matter, or even to entertain any discussion of the same. This court has issued several case laws, indicating that when an appellant does not discuss the issues that are weighed, and moreover, it also stated in the case of, well why don't they, waiver aside, why don't they have standing? Because they're not the beneficiaries. Under Puerto Rico law, under Puerto Rico law, the Puerto Rico insurance code require that hospitals or doctors have financial ability to pay off any claims. And to do that, they either have to buy or purchase, I should say, an insurance coverage, or they can create a trust. In this case, Hospital Damas Inc. and Fundacion opted to create a trust. Counsel, but suppose, I guess this is, maybe Mr. Efron will have to answer this question, but suppose the plaintiffs here had in place an unsatisfied malpractice judgment, and they could not collect on it because Banco Popular had so mismanaged the self-insurance trust fund that there were not enough assets in that trust fund to satisfy the judgment. Wouldn't you agree that under those circumstances, the appellants here would have standing to claim malpractice, excuse me, to claim maladministration by Banco Popular? No, Your Honor. Why not? And the reason for that is because technically they might have standing, but only through the office of the Puerto Rico Insurance Commission. Why? Because it's in their office that they need, the process is supposed to be that they file a claim at the Puerto Rico Insurance Commissioner office, and they proceed to start an investigation, and an adversary proceeding before that administrative agency. They, the appellants in this case. So it wouldn't be so much an issue of standing, that would be a primary jurisdiction argument, that they would have standing in a different forum to bring a claim. Only through the insurance commissioner office. But hasn't the commissioner taken the position that she doesn't have the authority to pursue such a claim? Thank you for that question, Your Honor, because that's not correct, and I'll tell you why. The Robert Counsel for the Appellants, he discusses the 2015 case before the Court of Appeal. That same decision was taken before another Olga Maldonado case before the U.S. District Court. That was not discussed in this case because they did not bring it before the U.S. District Court in the instant case. So there are two Olga Maldonado cases. One at the federal court, and one at the Puerto Rico local court. They are different in nature in as much as the local court case did not request any monetary relief. Whereas in the federal case before Judge Garcia-Gregory, they requested monetary relief as in this case. Interesting enough, in the federal court case before Judge Garcia-Gregory, plaintiff in that case, Olga Maldonado, brought a letter from the issue by the commissioner of Puerto Rico, the insurance commissioner, and the decision by the issue by the Puerto Rico Court of Appeal. And he denied and stated that the primary jurisdiction lied before the Puerto Rico insurance commissioner. Now, why this was not discussed in this case? Because as I said, they did not bring it before the U.S. District Court in this case.  Thank you, Counsel. Mr. Efron, I have this one conceptual difficulty I hope you can help me with. Yes, Your Honor. To the extent that the complaint seeks vicarious liability. Yes, Your Honor. On the part of Fundacion. Yes. Doesn't that require that there be privity? And if there is, and if I'm right about that, and if there is privity, you've got a serious claim preclusion problem, don't you, to the extent that you're arguing for vicarious liability? I think the fact that we have totally new parties in this case, that the people we're representing are minors that were not part of the case previously and whose interests were not disposed of previously. So on the plaintiff's side of the V, if we rule against you on that, then am I right? No, Your Honor. Okay. Why not? I'm sorry. If we determine that the siblings, on the plaintiff's side, that you have no new parties who can be here, if we make that decision, am I right about the other part, that your vicarious liability claim has to fail because you have to allege privity? Well, I think at minimal, the purpose of the Banco Popular, that must fund, is to compensate the unpaid. I'm talking about S2 Fundacion. I beg your pardon? S2 Fundacion. Yes, Your Honor. They would be out, wouldn't they? I don't think so. I don't think so. With respect to the vicarious liability claim, tell me why. I'll tell you why. Because Judge Thompson asked a very piercing question when she asked about, there was some argument as to why the bankruptcy had not been approved. It hadn't been approved because the malpractice claimants alleged it was fraud. We withdrew the fraud claim, and we agreed to an amended consented supplement in exchange for our agreeing to the bankruptcy proceedings continuing. And in that document, all of the malpractice claimants, which would include everybody in this case except the minors who came in afterwards, are allowed to file before any court any legal action against Fundacion or any other third party in order to pursue the claim or deficiency. That's at page 348 of our appendix. Getting back to the Banco Popular, and I'm running out of time sort of, so I just want to read one sentence from the top of page 14, which is page 193 of our appendix, which is the certified translation of the Emefer Narvaez. I don't know who Olga Maldonado is, but the law of the land is Emefer Narvaez. And what did the Supreme Court of Puerto Rico deny cert on? On this. After evaluating the claim vis-a-vis the authority expressly conferred in the Assurance Court of Puerto Rico, and in light of the provisions of said code, the administrative entity determined that it did not have jurisdiction. Because of that, there's no claim, and there's no defense that we needed to exhaust any administrative remedy. Counselor, this sibling issue is somewhat troubling, but isn't the, I guess their answer to it, this is where this sort of mouthful of non-mutual defensive collateral estoppel comes into play. I guess their position is whoever the plaintiffs were in that earlier litigation, you had every incentive and every opportunity to make the argument that you should also be exposed to liability as the owner of the premises. And you, having had every opportunity to make that argument, did not convince the court. So you should not now be given an opportunity to make that argument all over again, which does seem to me is exactly the argument that you're making. Why aren't they right? What's different now? I'll tell you what's different. Okay. We never sued Hospital Damas Inc. We sued Hospital Damas. Well, we sued Hospital Damas. Even in the settlement agreement, which you will see in the appendixes, the caption still says Hospital Damas. At that, and I explained it in my brief, at that settlement agreement, the lawyers for the hospital show up and say, we're a corporation. It's easier if we pay out through Hospital Damas Inc. Basically, what they were going to do was what they actually did, was make one payment and then file bankruptcy under that corporation. Should we have looked into the ownership and included Fundacion Damas in the transaction? You know, we believed in their good faith. We believed in their representation that's made by a brother lawyer. And, you know, basically, we got hoodwinked. But basically, that's why we are now going after Hospital Damas with vicarious liability. The fact that the bankruptcy court found that there was a 2006 letter from Fundacion Damas leasing the property to Hospital Damas Inc. retroactive to 1987. Who would believe that? And why 1987? Because that's when they were incorporated, Hospital Damas. Fundacion Damas had been incorporated and operated the hospital since 1911. So basically, you know, this was all just a ploy to avoid paying a settled judgment. I'm sorry, when did you say Inc. was incorporated? According to it was incorporated, Fundacion Damas Inc. was incorporated in 1987, which is why the 2006 letter retroactively moved it to their self-serving letter, moved it to 87. Fundacion Damas owned, operated, and to this day holds the license to the hospital since 1911. Thank you. Thank you, Your Honors. Thank you all.